IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARK CHAVEZ,**

    Plaintiff,

vs.                                                                         Civ. No. 02-870 MCA/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss and Brief in Support of the Commissioner's Motion to Dismiss filed September 19, 2002. Defendant is seeking a dismissal of this action with prejudice on the grounds that the Plaintiff filed his Complaint after the statute of limitations. Upon review of the pleadings and being otherwise advised in the premises, the Court will recommend that Defendant's Motion be granted.

### PROPOSED FINDINGS

### I. PROCEDURAL RECORD

    1.     The following facts are undisputed. On February 8, 2002, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for period disability, disability insurance benefits, and supplemental security income. The Plaintiff requested review of the ALJ's decision.

on April 24, 2002, the Appeals Council sent, by mail addressed to the Plaintiff at 10808 Constitution, Albuquerque, NM, 87112, notice of denial of Plaintiff's request and the right to commence a civil action within sixty (60) days from the date of receipt.  Plaintiff filed his lawsuit on July 22, 2002.

## II. DISCUSSION

2.  Plaintiff did not file a "response" to the Motion.  However, the Plaintiff filed a "Motion to Keep Case Instated" on October 4, 2002.  The Plaintiff also filed two additional motions on that day entitled "Motion for Expedition" and "Motion to Point Out Slander."  The Court will consider all three motions in making its recommendation.

3.  Pursuant to 42 U.S.C. §405(g), an individual may seek judicial review of a final decision of the Commissioner of the Social Security Administration by commending a civil action" within sixty days after mailing to him of notice of such decision."  The filing requirement is not jurisdictional, but rather is a statute of limitations.  Bowen v. City of New York, 476 U.S. 467, 478 (1986).  As a statute of limitations, it is subject to the principal of equitable tolling.  Id. at 480.  However, equitable tolling is applied only in rare cases where the equities in favor of tolling are compelling.  Id.  In the Tenth Circuit, equitable tolling is typically permitted when the defendant's conduct rises to a level of active deception, when the plaintiff has been lulled into inaction by the defendant, and when extraordinary circumstances have prevented the plaintiff from filing his own claim within the statutory period.  United States v. Clymore, 245 F.3d 1195, 1198-99.

4.  Plaintiff is *pro se* and the court will construe his pleadings liberally.  The pleadings do not provide sufficient allegations or facts to support a finding that the sixty day period should be tolled.  Though Plaintiff asserts that he has suffered from disabling injures for more than two years and that the ALJ did not consider the evidence or have the relevant evidence, these assertions are not

sufficient to justify equitable tolling.  Zook v. Sullivan, 751 F. Supp. 927 (D. Kan. 1990)("Plaintiff has not hinted at any misconduct by the Secretary, let alone misconduct sufficiently grave to justify equitable tolling.")  Plaintiff has not indicated that defendant's actions kept him from pursuing his claim.

### **RECOMMENDED DISPOSITION**

I recommend granting Defendant's Motion to Dismiss and dismissing this case with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**